### WHITE *v.* BURKHARDT.

1. JURY—CHANCERY CASES.
   Juries in chancery cases act in an advisory capacity only.

2. APPEAL AND ERROR—CHANCERY CASES—TRIAL DE NOVO.
   The Supreme Court reviews chancery cases by a trial *de novo.*

3. MORTGAGES — FORECLOSURE — POSTING OF NOTICE — BURDEN OF
   PROOF.
   Plaintiff in suit to set aside sheriff's deed after mortgage fore-
   closure sale *held,* not to have sustained her burden of proof as,
   to failure to post notice of foreclosure on the premises, hence,.
   vacation of sheriff's deed was in error (CL 1948, § 692.3).

4. SAME—FORECLOSURE—CONSTRUCTION OF STATUTES.
   Statutory foreclosure of a mortgage is a matter of contract, au--
   thorized by the mortgagor, and should not be set aside without.
   some good reason therefor and ought not to be hampered by·
   an unreasonably strict construction of the law (CL 1948,.
   § 692.3).

5. SAME—BILL TO SET ASIDE STATUTORY FORECLOSURE—EVIDENCE.
   Statutory foreclosure is sustained and decree setting it aside·
   reversed, where record shows requirements of statute have·
   been met, that plaintiff was in default some 26 months, and
   period of redemption had expired before she filed her bill to·

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 19 Am Jur, Equity § 404.
[2] 3 Am Jur, Appeal and Error § 815.
[3–5] Generally as to vacation of foreclosure sale, see 37 Am Jur;.
      Mortgages § 640 *et seq.*

set the foreclosure aside and proofs failed to support claim that notice of foreclosure had not been posted on the premises as required by statute (CL 1948, § 692.3).

Appeal from Oakland; Holland (H. Russell), J. Submitted June 10, 1953. (Docket No. 4, Calendar No. 45,822.) Decided November 27, 1953.

Bill by Annie Mary White against Henry Burkhardt, his wife and others to set aside mortgage foreclosure by advertisement. Decree for plaintiff. Defendants appeal. Reversed.

*Earl N. Nash,* for plaintiff.

*Tilden M. Gallagher,* for defendants Blackno and Lukas.

BUSHNELL, J. Plaintiff Annie Mary White and her husband, Haywood White, acquired title by the entireties, in 1944, to property located in Royal Oak township, Oakland county, Michigan. On December 17, 1948, they borrowed $1,250 from defendants Henry Burkhardt and Eleanor Burkhardt, his wife, to whom they gave their promissory note with a mortgage on the Royal Oak property as security.

The required payments of $35 per month were made until June of 1949. Plaintiff and her husband separated on July 3d, when she went to Chicago to live with her sons. The husband remained in the property and collected rents from the tenant, Will Whitley, until June of 1951, at which time White disappeared and his whereabouts are unknown. The Burkhardt mortgage was thereafter foreclosed by advertisement, the sum of $1,011.64 being due and unpaid when the sale was held on May 2, 1950. The property was sold by the sheriff to the Burkhardts for the sum of $1,145.59. The sheriff's deed, with affidavits of publication and posting, was re-

corded with the register of deeds on May 17, 1950.

Prior to the expiration of the statutory period of redemption (CL 1948, § 692.11 [Stat Ann § 27.-1231]), the Burkhardts sold the premises to defendants Blackno. This deed, dated June 6, 1950, was recorded on June 26, 1950. Blackno and his wife conveyed by quitclaim deed to defendant Mary Lukas, a married woman, on June 22, 1950, that deed being recorded on June 28, 1950.

On May 21, 1951, Mary Lukas filed a complaint before the circuit court commissioner, against the Whites and their tenant. A writ of restitution issued on June 6th, was served and returned on August 3d, restoring the property and the premises to Mary Lukas. A brother-in-law, Vincent Lukas, who represented Mary Lukas in the circuit court commissioner's proceedings, testified that she afterwards conveyed the premises by warranty deed to Phillip Bricker and Zesse Katz. He also testified that about a month prior to May 2, 1951, the date of expiration of the period of redemption from the mortgage foreclosure, he sent a letter to the Whites advising them that, if the property was not redeemed, Mary Lukas expected it to be vacated by May 3, 1951. He said that about a week or 10 days later one Meyer called at his office and requested that the abstract be surrendered to him, he being a friend of Haywood White. Lukas demanded a deposit of $50 before he delivered the abstract. The abstract was returned to him on the 4th or 5th day of May and he refunded $50 to Meyer.

Annie White testified that when she received a letter from Whitley, postmarked in Detroit on July 19, 1951, telling her that the man who bought the house was going to sell it and that he, Whitley, would like to buy some of the contents, she immediately returned to Detroit. On July 31, 1951, plaintiff filed her bill of complaint, alleging lack of knowledge of

the foreclosure proceedings which she claims are not in accordance with law, in that the advertisement was not properly posted. She sought vacation of the sale and redemption of the property upon payment by her of the amount found to be due upon the mortgage, together with proper costs.

A jury trial was had of the issues framed by the pleadings. In submitting the matter to the jury the trial judge said: "The sole question for your determination is this: Was such a notice of foreclosure posted on the home in question on February 4, 1950?" The jury returned an answer of "No" to the question submitted to them. The trial judge, being of the same opinion as the jury, held that the foreclosure did not comply with the statute and, therefore, the mortgage sale was void and of no effect. A decree was entered on March 31, 1952, setting aside the mortgage foreclosure.

The appellants argue that a wife cannot maintain a suit in equity to vacate a sheriff's deed on property held by the entireties; that she cannot maintain such a suit after the expiration of the period of redemption without joining her husband as plaintiff and record titleholders as parties defendants. They further insist that a wife who moved to Chicago, leaving no forwarding address, and whose husband remained in possession only during the period of redemption, after which the property was sold to innocent purchasers, should not be afforded equitable relief. Appellants further argue, in effect, that the proofs in the instant case do not support the trial court's decree.

Juries in chancery cases act in an advisory capacity only, and we review here by a trial *de novo*. *Leser v. Smith*, 212 Mich 558, CL 1948, § 618.21 (Stat Ann § 27.1001). The first consideration is the nature and value of the testimony respecting the posting of the notice. An examination of that testimony re-

quires the conclusion that the plaintiff failed to sustain the burden of proof and that the trial judge was in error in vacating the sheriff's deed.

. The record contains clear and unequivocal testimony by Louie H. Cheff that on February 4, 1950, he posted the mortgage foreclosure notice in a conspicuous place on the premises by attaching the same in a secure manner on the right-hand side of the front door jamb of the house. This witness seemed to have a better grasp of the factual situation as to posting; his testimony was unshaken and became stronger upon cross-examination. The testimony of plaintiff's witnesses was vague and indefinite and scarcely entitled to any weight. Foreclosure of mortgages by advertisement and sale has been in use in this State for about 100 years, and is well understood. Such statutory foreclosures should not be set aside without some good reason therefor. *Markoff* v. *Tournier,* 229 Mich 571, and *Detroit Trust Co.* v. *Agozzinio,* 280 Mich 402, 406. Statutory foreclosures are a matter of contract, authorized by the mortgagor, and ought not to be hampered by an unreasonably strict construction of the law. *Lee* v. *Clary,* 38 Mich 223, and *Peterson* v. *Jacobs,* 303 Mich 329, 335.

Plaintiff had been in default for some 26 months, the period of redemption had expired before she filed her bill of complaint, she had been grossly careless in the preservation and protection of her property, and her proofs fail to support her contention of the lack of posting of notice. The record shows that the statutory requirements have been met in this foreclosure. See CL 1948, § 692.3 (Stat Ann § 27.-1223). In view of the foregoing, it is unnecessary to discuss the other questions raised by the appellants.

. The decree of the trial court is vacated, the mortgage foreclosure is sustained, and a decree will be

entered here in accordance with this opinion. Costs
to appellants.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR,
SHARPE, BOYLES, and REID, JJ., concurred.