KUBICKI v MORTGAGE ELECTRONIC REGISTRATION SYSTEMS

Docket No. 295854. Submitted February 1, 2011, at Detroit. Decided February 22, 2011. Approved for publication April 12, 2011, at 9:00 a.m.

Gary Kubicki brought an action in the Oakland Circuit Court against Mortgage Electronic Registration Systems and Citibank, requesting that a sheriff's foreclosure sale be set aside. The sheriff's foreclosure sale had been conducted by Matthew J. Chodak. Chodak was president of County Civil Process Services, Inc., which had entered into a written agreement with Oakland County Sheriff Michael J. Bouchard authorizing it to conduct acts related to civil process, which specifically included sheriff's foreclosure sales, on behalf of the sheriff's department. Plaintiff alleged that Chodak had unlawfully conducted the foreclosure sale because he was not properly appointed as a deputy sheriff or undersheriff. Defendants moved for summary disposition. The court, Denise Langford Morris, J., granted defendants' motion, ruling that there was no genuine issue of material question of fact regarding whether the person who conducted the foreclosure sale was properly empowered to do so. Plaintiff appealed.

The Court of Appeals held:

The provisions of MCL 51.73 requiring that the appointment of an undersheriff or deputy sheriff be recorded in the county clerk's office do not apply to a person properly appointed as a special deputy under MCL 51.70. MCL 51.70 authorizes a sheriff to execute a written instrument deputizing a person as a special deputy to do particular acts, and the agreement satisfied this requirement. A special deputy may lawfully conduct a sheriff's foreclosure sale pursuant to MCL 600.3216. Any other conclusion would produce an absurd result. Because plaintiff failed to demonstrate a strong case of fraud or irregularity or a peculiar exigency justifying overturning the foreclosure sale, the trial court did not err by granting defendants summary disposition.

Affirmed.

1. MORTGAGES — FORECLOSURES — BASIS FOR OVERTURNING — FRAUD, IRREGU-
LARITY, OR PECULIAR EXIGENCY.

Statutory foreclosures are a matter of contract, authorized by the
mortgagor; they will be set aside only if very good reasons exist for
doing so, such as a strong case of fraud or irregularity or some
peculiar exigency.

2. MORTGAGES — FORECLOSURES BY ADVERTISEMENT — SHERIFF'S SALES — SPECIAL
DEPUTIES.

The statutory provisions requiring that the appointment of an
undersheriff or deputy sheriff be recorded in the county clerk's
office do not apply to a special deputy appointed by the sheriff in
a written instrument to do particular acts; a person properly
appointed as a special deputy may lawfully conduct a sheriff's
foreclosure sale (MCL 51.70, 51.73, and 600.3216).

*Nicoletti & Associates, P.L.L.C.* (by *Paul J. Nicoletti*),
for Gary Kubicki.

*Hertz Schram PC* (by *Ari M. Charlip* and *Amy
Sabbota Gottlieb*) for Mortgage Electronic Registration
Systems and Citibank.

Before: TALBOT, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM. In this action to set aside a sheriff's
foreclosure sale, plaintiff appeals as of right the circuit
court's order granting summary disposition in favor of
defendants under MCR 2.116(C)(10) (no genuine issue
of material fact). We affirm the order of the circuit
court.

On appeal, plaintiff asserts that the sheriff's deed on
mortgage foreclosure (Sheriff's Deed) executed by Mat-
thew J. Chodak fraudulently misrepresents that
Chodak is a "deputy sheriff." According to plaintiff,
Chodak is not a sheriff, an undersheriff, or a deputy
sheriff, as required by the Michigan mortgage foreclo-
sure statute, MCL 600.3216, because he did not request
to be, and was not actually, properly appointed by

Sheriff Michael J. Bouchard and no such appointment was filed with the Oakland County Clerk's office, as required by the statute governing the appointment of an undersheriff or a deputy sheriff, MCL 51.73. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Silberstein v Pro-Golf of America, Inc,* 278 Mich App 446, 457; 750 NW2d 615 (2008). Evidence must be examined "in the light most favorable to the nonmoving party." *Id.* "Summary disposition should be granted only where the evidence fails to establish a genuine issue regarding any material fact." *Id.* at 457-458.

The Michigan Supreme Court has held that statutory foreclosures will only be set aside if "very good reasons" exist for doing so. *Markoff v Tournier,* 229 Mich 571, 575; 201 NW 888 (1925). " '[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.' " *Sweet Air Investment, Inc v Kenney,* 275 Mich App 492, 497; 739 NW2d 656 (2007), quoting *United States v Garno,* 974 F Supp 628, 633 (ED Mich, 1997). "Statutory foreclosures are a matter of contract, authorized by the mortgagor, and ought not to be hampered by an unreasonably strict construction of the law." *White v Burkhardt,* 338 Mich 235, 239; 60 NW2d 925 (1953).

Under MCL 600.3216, a sheriff's foreclosure sale "shall be made by the person appointed for that purpose in the mortgage, or *by the sheriff, undersheriff, or a deputy sheriff of the county,* to the highest bidder." Concerning appointment of deputy sheriffs by the sheriff, MCL 51.70 provides that

[e]ach sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time. *Persons may also be deputed by a sheriff, by an*

*instrument in writing, to do particular acts, who shall be known as special deputies* and each sheriff may revoke those appointments at any time.

Similarly, concerning appointments, MCL 51.73 provides that

[e]very appointment of an under sheriff, or of a deputy sheriff, and every revocation thereof, *shall be in writing under the hand of the sheriff, and shall be filed and recorded in the office of the clerk of the county*; and every such under sheriff or deputy shall, before he enters upon the duties of his office, take the oath prescribed by the twelfth article of the constitution of this state.[1] *But this section shall not extend to any person who may be deputed by any sheriff to do a particular act only.*

In this case, plaintiff argues that Chodak could not have lawfully conducted the foreclosure sale given that he was not properly appointed as a deputy sheriff because there is no written and recorded appointment on file with the Oakland County Clerk's office. In support of his argument, plaintiff cites four cases that deal with either appointment by someone other than a sheriff or situations in which no written instrument memorializes an appointment. This case is factually distinguishable in that it does not involve appointment by an undersheriff or someone acting on behalf of the sheriff, but instead concerns whether Chodak was appointed for purposes of MCL 51.70 when he signed the "Agreement to Serve and/or Execute Civil Process for the Oakland County Sheriff's Office" (Agreement).

While plaintiff is correct that Chodak was not properly appointed as a deputy sheriff under the requirements set forth in MCL 51.73, Chodak was properly deputized as a special deputy under MCL 51.70. In this

---

[1] The reference is to the 1835 Michigan Constitution. The oath now appears in Const 1963, art 11, § 1.

case, there is a written instrument, i.e., the Agreement, that was signed by Sheriff Bouchard. According to the terms of the Agreement, "Civil Process" includes, but is not limited to, "selling lands on the foreclosure of a mortgage by advertisement; executing deeds and performing all related services required on sale of property . . . ." In this way, the Agreement prescribes the particular acts to be performed. Therefore, the Agreement constitutes the necessary written instrument for purposes of deputizing a special deputy. As a result, Chodak qualifies as a special deputy, and the provisions of MCL 51.73 requiring filing and recording of an appointment are inapplicable.

Plaintiff also argues that MCL 51.70 and MCL 51.73 require appointment by the sheriff of an individual, who can be monitored, and were not intended to allow the sheriff to appoint a corporation, which may delegate its duties to unaccountable third parties. Plaintiff notes that the Agreement is between Sheriff Bouchard and County Civil Process Services, Inc., of which Chodak is the president,[2] but the Sheriff's Deed has only Chodak's name on it. However, plaintiff points to no authority to support this proposition concerning the intent of the Legislature in enacting these provisions of the sheriffs' statute. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641, 588 NW2d 480 (1998). Additionally, plaintiff's fears concerning a contractor's unilateral delegation of authority to "anybody of its choosing" are unfounded in light of language in the Agreement requiring that any

---

[2] Chodak signed the Agreement on behalf of County Civil Process Services, Inc.

employee of the contractor who performs a duty of the sheriff's office must be a "Special Deputy . . . in accordance with the DEPUTIZATION ADDENDUM." Similarly, the deputization addendum (Addendum) requires that any employees of the contractor must request to be appointed as a "Special Deputy pursuant to MCL 51.70, with the powers of deputy sheriff." Therefore, even if plaintiff had supported his argument concerning the intent behind MCL 51.70 and MCL 51.73 with citations of authority, this argument could not succeed because the terms of the Agreement and Addendum preserve the emphasis on accountability of particular individuals and thereby prevent the haphazard delegation and appointment schemes that plaintiff raises as concerns. Furthermore, while plaintiff correctly points out that, under the Addendum to the Agreement, the contractor must request that the sheriff appoint a specific individual as a special deputy to serve as deputy sheriff, this requirement deals with deputization of a contractor's employees, not the contactor himself (in this case, Chodak), who has signed a contract with the sheriff.

Additionally, plaintiff points out that the copy of the oath attached to defendants' brief on appeal has no liber or page number, thereby giving no indication that the oath was filed with the Oakland County Clerk's office as claimed by defendants. This argument is unpersuasive because MCL 51.70 does not require an oath to be recorded for deputization of a special deputy.

Defendants assert that Chodak is a special deputy charged with a specific task and that Chodak qualifies as a deputy sheriff when carrying out this task. We agree. MCL 51.70 allows for deputization of persons "to do particular acts." If such persons were without statutory authorization to carry out those acts, an absurd result would be reached: authority "to do particular

acts" would be granted by MCL 51.70, but then revoked under MCL 600.3216 because of a technicality. In this case, the technicality would be that a person may be deputized as a special deputy to carry out particular acts under MCL 51.70, but would be unable to carry out those acts under MCL 600.3216 because a special deputy would not qualify as a deputy sheriff. Additionally, the Addendum expressly states that a special deputy has the powers of a deputy sheriff. Therefore, Chodak, performing his specifically assigned functions in his capacity as a special deputy, qualifies as a deputy sheriff. As a result, his acts of conducting the foreclosure sale and executing the Sheriff's Deed are valid under the foreclosure statute. For these reasons, plaintiff's argument that Chodak declared himself to be a deputy sheriff, not a special deputy, in his oath is without merit.

Under these circumstances, there is no genuine issue of material fact concerning whether Chodak was properly appointed pursuant to the Agreement or whether the foreclosure sale and Sheriff's Deed were valid. Therefore, plaintiff has failed to show the requisite "strong case of fraud or irregularity, or some peculiar exigency," to overturn the foreclosure sale. *Sweet Air Investment*, 275 Mich App at 497.

Affirmed.

TALBOT, P.J., and SAWYER and M. J. KELLY, JJ., concurred.