NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0792n.06

**No. 10-1481**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 28, 2011*

LEONARD GREEN, Clerk

STEVEN WILLIAMS and
TANYA WILLIAMS,

      Plaintiffs-Appellants,

      v.

JP MORGAN MORTGAGE
ACQUISITION CORP. and
HOMESALES, INC.,

      Defendants-Appellees.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

Before: COLE and ROGERS, Circuit Judges; SARGUS, District Judge.[*]

PER CURIAM. Upon consideration of this appeal, the Court is of the view that the well-reasoned decision rendered by the District Court adequately addresses all issues raised herein. Therefore, this Court adopts as its decision the Opinion and Order issued by the District Court on March 19, 2010, and affirms the judgment of the District Court.[1]

_____

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

[1] Following oral argument, by letter dated August 17, 2011, Appellants referred the panel's attention to several recent Michigan Court of Appeals decisions of potential relevance to this appeal, including *Richard v. Schneiderman & Sherman, P.C.*, No. 297353, 2011 WL 3524302 (Mich. Ct. App. Aug. 11, 2011). However, the specific decision in *Richard* cited by Appellants was subsequently vacated by the Court of Appeals and replaced with a new decision dated August 25, 2011. *See Richard v. Schneiderman & Sherman, P.C.*, No. 297353, 2011 WL 3760862 (Mich. Ct. App. Aug. 25, 2011). The new decision is identical to the original except that the Court of Appeals replaced the final paragraph and footnote two with two additional paragraphs that clarify and expound upon footnote two. These paragraphs read as follows:

> However, given the unique nature of foreclosure by advertisement, there is long-standing caselaw that limits the application of [*Residential Funding Co., LLC v. Saurman*, Nos. 290248, 291443, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011)]. First, our Supreme Court has held that a mortgagor must challenge the validity of a foreclosure by advertisement promptly and without delay. *See White v Burkhardt*, 338 Mich 235, 239; 60 NW2d 925 (1953) (Claim too late where redemption period expired prior to filing of complaint); *Fox v Jacobs*, 289 Mich 619, 625; 286 NW2d 854 (1939) (Twenty months after foreclosure sale too late). In addition, in *Hogan v Hester Investment Co*, 257 Mich 627; 241 NW 881 (1932), our Supreme Court held that the validity of a foreclosure by advertisement may not be challenged after the property is sold to a bona fide purchaser. Thus, *Saurman* does not apply in an action to recover title or possession of property if the mortgagor failed to challenge the foreclosure by advertisement during the redemption period or any proceedings seeking an order of eviction, or if the foreclosed property has been sold to a bona fide purchaser.
>
> Here, because plaintiff filed his claim during the redemption period and there is no evidence of a bona fide purchaser, he is entitled to relief under *Saurman*. Accordingly, we reverse the trial court's grant of summary disposition, vacate the foreclosure proceeding, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

*Id*. Because Appellants failed to challenge the foreclosure by advertisement within the redemption period, this Court declines to consider the precedent cited in Appellant's letter of August 17, 2011.