# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN C. TIDWELL and ANITA TIDWELL,

UNPUBLISHED
January 15, 2015

Plaintiffs-Appellants,

v

No. 318027
Wayne Circuit Court
LC No. 13-006183-CH

BAYVIEW LOAN SERVICING, LLC,

Defendant-Appellee.

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

In this action to quiet title following a foreclosure by advertisement, plaintiffs appeal as of right the trial court's order denying plaintiffs' motion for a preliminary injunction and granting summary disposition to defendant pursuant to MCR 2.116(I)(1). Because no material question of fact remains regarding the validity of the foreclosure proceedings and plaintiffs lack standing to challenge the foreclosure sale, we affirm.

This action arises out of the foreclosure of commercial property located in Detroit, Michigan, which was mortgaged by John Tidwell to Worldwide Commercial Lending, LLC. The mortgage was later assigned to defendant. John defaulted on the mortgage, and defendant initiated a foreclosure by advertisement. Notice of the sheriff's sale was published in The News Herald and Press & Guide on July 22, 2012, July 29, 2012, August 5, 2012, and August 12, 2012. On August 2, 2012, Daniel DeHaven, a process server for Harold & Associates, posted notice of the sheriff's sale on the front steel roll-up door on the property, but plaintiffs and their employees denied seeing a posting on the door on or after August 2, 2012. The sheriff's sale was held on August 23, 2012, at which time defendant placed the highest bid of $21,300. John owed $336,672.02 to defendant at the time of the sale. John failed to redeem the property before the redemption period expired on February 23, 2013.

Plaintiffs filed suit against defendant alleging, *inter alia*, that the foreclosure should be set aside because they never received notice of the sheriff's sale. The trial court found that defendant had fulfilled the statutory notice requirements and that plaintiffs did not have standing to pursue this lawsuit. Consequently, the trial court granted summary disposition in favor of defendant under MCR 2.116(I)(1). Plaintiffs now appeal as of right.

On appeal, plaintiffs argue that a genuine issue of material fact remained regarding the validity of the foreclosure proceedings. In particular, plaintiffs maintain that they did not have notice of the sheriff's sale. They also contend that the sale was "highly irregular" because they

-1-

had a buyer willing to purchase the property through a short sale and, after the sheriff's sale, defendant sent plaintiffs a "payoff letter" on September 25, 2012, approving a short sale on the property and agreeing to accept $60,969.05 as payoff of amounts owed. Given these purported irregularities, plaintiffs also contend that the trial court erred in concluding they lacked standing to challenge the foreclosure after the expiration of the redemption period.

On appeal, we review de novo a trial court's decision to grant summary disposition pursuant to MCR 2.116(I)(1). *Sobiecki v Dep't of Corrections*, 271 Mich App 139, 141; 721 NW2d 229 (2006). Under this provision, the trial court may grant summary disposition sua sponte, "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." MCR 2.116(I)(1); *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Here, the trial court considered affidavits and other proofs to determine whether a genuine issue of material fact remained. There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the party against whom summary disposition is considered. See *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

In Michigan, foreclosure by advertisement is controlled by statute. MCL 600.3201 et seq.; *Church & Church Inc v A-1 Carpentry*, 281 Mich App 330, 339; 766 NW2d 30 (2008). By statute, foreclosure by advertisement may occur "upon default being made in any condition of [a] mortgage" provided that the mortgage "contains a power of sale," MCL 600.3201, and all the circumstances listed in MCL 600.3204 are present. The foreclosure process must follow the procedures delineated in the statute. MCL 600.3201; *Cheff v Edwards*, 203 Mich App 557, 560; 513 NW2d 439 (1994). However, "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012).

A mortgagor seeking to set aside a foreclosure by advertisement must establish: "(1) fraud or irregularity in the foreclosure procedure; (2) prejudice to the mortgagor; and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity." *Diem v Sallie Mae Home Loans, Inc*, __ Mich App __, __; __ NW2d __ (2014), slip op at 4. Factors relevant to a determination of prejudice include whether the mortgagor was misled into assuming that a sheriff's sale had not occurred, whether the mortgagor quickly pursued legal action after becoming aware of the claims presented in his complaint, and whether the mortgagor attempted to redeem the property during the redemption period. *Id.* Setting aside a foreclosure sale is not lightly done; rather, "[t]he Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Investment, Inc, v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007) (citations omitted).

In this case, plaintiffs first contend that they lacked notice of the foreclosure by advertisement. By statute, notice of the sheriff's sale must be published as follows:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive

weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice. [MCL 600.3208.]

Thus, notice of a sheriff's sale includes two components: (1) notice must be published in a newspaper at least once a week for four successive weeks, and (2) a copy of the notice published in the newspaper must be "posted in a conspicuous place upon any part of the premises" that is subject to the foreclosure. *Id*. The mortgagor is "not entitled to any greater notice than that required by the statute . . . ." *Cheff*, 203 Mich App at 560. Accordingly, the mortgagor is not entitled to actual notice, *Jennings v Arnold*, 272 Mich 599, 603; 262 NW 419 (1935), or personal notice, *Cheff*, 203 Mich App at 561. The party contending that the posting was insufficient to comply with the statute bears the burden of proof. *White v Burkhardt*, 338 Mich 235, 238-239; 60 NW2d 925 (1953). An affidavit may be obtained from the person posting notice, and when such affidavit is recorded by the register of deeds, it constitutes presumptive evidence regarding the time, place and manner of posting notice. See MCL 600.3256(1)(c); MCL 600.3264.

On the record presented, there was no genuine issue of material fact regarding whether defendant provided adequate notice of the sheriff's sale pursuant to MCL 600.3208. It is undisputed that notice of the sale was published for four consecutive weeks in The News Herald and Press & Guide. Likewise, DeHaven's affidavit of posting and his testimony at the evidentiary hearing established that DeHaven posted a printed copy of the notice in a conspicuous place, i.e., the front steel roll-up door, on plaintiffs' premises on August 2, 2012, which was within 15 days after the first publication of the notice in the newspaper on July 22, 2012. Further, the affidavit of publication and affidavit of posting were recorded at the Wayne County Register of Deeds on September 6, 2012. Thus, DeHaven's affidavit is presumptive evidence of the fact that he posted notice of the sale on the front roll-up door of plaintiffs' premises on August 2, 2012. MCL 600.3256(1)(c); MCL 600.3264. Moreover, defendant provided photographs of the notice posted on plaintiffs' premises, which provided evidence—in addition to plaintiffs' admission that any notice posted on that particular door would be "very conspicuous"—that the notice was displayed in a conspicuous location on the property, and therefore, complied with MCL 600.3208.

Plaintiffs have attempted to counter defendant's evidence of notice by asserting they did not see the notice on the door. Despite these assertions, the evidence proffered by plaintiffs does not put the content of the affidavit of posting or DeHaven's testimony in dispute or even contradict DeHaven's affidavit and testimony. Instead, the affidavits and testimony provided by John, Anita Tidwell (John's wife), Carlos Fordson, and David Tidwell (plaintiffs' son) asserting that they did not personally observe a posting on the roll-up door only establish that they did not have personal or actual notice of the sale. Indeed, on appeal, plaintiffs do not contest whether defendant complied with MCL 600.3208; rather, the substance of their assertion is that they lacked actual or personal knowledge of the sale. Personal or actual notice is, however, irrelevant to whether defendant fulfilled the statutory requirements, and plaintiffs were entitled to no greater notice than that required by statute. *Cheff*, 203 Mich App at 560-561; *Jennings*, 272

-3-

Mich at 603. Thus, there was no genuine issue of material fact regarding whether defendant complied with the statutory notice requirements, and plaintiffs are not entitled to set aside the foreclosure based on their purported lack of personal notice.

To the extent plaintiffs contend that the alleged irregularities relating to the foreclosure, i.e. the short sale negotiations and payoff letter, warrant setting aside the sale, their claim is also without merit. As discussed, it is clear that defendant complied with the notice requirements under MCL 600.3208, and plaintiffs do not otherwise assert that defendant failed to comply with the statutory procedural requirements. Instead, plaintiffs contend that John, in a deal allegedly brokered by defendant, executed a buy/sell agreement with a third party and that this short sale was approved by defendant via letter on September 25, 2012, after the sheriff's sale had been held. In relevant part, the payoff letter in question stated:

> This discount payoff offer is valid only if borrowers sign a copy of this letter . . . and return it to my attention on or before 9/28/2012 end of business day.
>
> If a foreclosure sale has been scheduled, funds must be received 48 hours prior to the foreclosure sale or by the required date indicated above, whichever is sooner.
>
> Upon receipt by [defendant] of the discount payoff amount of $60.969.05 and a signed copy of this letter by the Borrower, [defendant] will execute a Release and Discharge of the Deed of Trust/Mortgage, and, if necessary, will file a withdrawal in connection with any legal action it has taken to collect this obligation. No legal action will be halted until funds are received on or before required date.

On appeal, plaintiffs fail to explain how short sale negotiations and even approval of such a sale by defendant would render the foreclosure proceedings irregular or somehow prejudice plaintiffs' ability to preserve their interest in the property. Defendant was entitled to seek foreclosure of the property, and plaintiffs offer no authority to suggest that defendant could not also simultaneously discuss the possibility of a short sale or that, having entertained this possibility, defendant could not then continue with the foreclosure by advertisement. That defendant did not approve the short sale, if at all, until after the sheriff's sale does not impact the adequacy of the statutory notice provided, MCL 600.3408, or otherwise render the sheriff's sale irregular. Indeed, defendant was under no obligation to approve the short sale and was fully within its statutory rights to foreclose on the property. See MCL 600.3204. Plaintiffs have not made a strong case of fraud or irregularity, or some peculiar exigency, of the type necessary to warrant setting a foreclosure sale aside. *Sweet Air Investment, Inc*, 275 Mich App at 497.

Moreover, even assuming some minor irregularity attendant to the letter, such irregularity did not prejudice plaintiffs. In this regard, we find unpersuasive plaintiffs' assertion that short sale negotiations and/or the September 25 letter somehow misled plaintiffs about the occurrence of the sheriff's sale such that the sale should be set aside. Arguably, given that the letter was sent after the sheriff's sale, it could perhaps lead one to believe that such a sale had not yet occurred. However, we again note that defendant provided the required statutory notice pertaining to the foreclosure by advertisement, and the letter in question contains no assurances

that a sheriff's sale had not yet been held, nor have plaintiffs asserted that defendant provided them with such assurances. Indeed, the letter specifically acknowledges the possibility of ongoing foreclosure proceedings, cautioning that legal proceedings will not be halted until the payoff funds are received. Despite this language, there is no indication that plaintiffs tendered the payoff amount of $60.969.05 to defendant. More significantly, plaintiffs ultimately made no attempt to redeem the property during the redemption period. In such circumstances, we cannot discern how defendant's conduct could have been prejudicial to plaintiffs' ability to preserve their interest in the property. See generally *Diem*, slip op at 4; *Sweet Air Investment, Inc*, 275 Mich App at 503. Accordingly, no material question of fact remained regarding whether irregularities in the proceedings warranted setting aside of the foreclosure sale.

Furthermore, given that the redemption period had expired without redemption by plaintiffs, we also conclude that the trial court properly determined that plaintiffs lacked standing to pursue this lawsuit to void the foreclosure. "Whether a party has legal standing to assert a claim constitutes a question of law that we review de novo." *Heltzel v Heltzel*, 248 Mich App 1, 28; 638 NW2d 123 (2001). "[A] litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). However, to have standing, an individual must have "in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *MOSES, Inc v SEMCOG*, 270 Mich App 401, 414; 716 NW2d 278 (2006) (internal quotation marks and citations omitted).

Under MCL 600.3240(7), the mortgagor of commercial or industrial property has six months from the date of the sheriff's sale to redeem the property. See also MCL 600.3240(1), (2). If the mortgagor has failed to redeem the property, when the redemption period expires, the person or entity that purchased the property is vested with "the right, title, and interest" in the property. MCL 600.3236. At the same time, upon expiration of the redemption period, all of the mortgagor's rights in the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942); *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Given that a mortgagor loses all interest in the property, it follows that, he or she loses standing to challenge a foreclosure sale. *Bryan*, 304 Mich App at 713-714.

It is undisputed in the instant case that plaintiffs did not redeem the property before the redemption period expired on February 23, 2013. On that date, all of John's rights to the property were extinguished, meaning that plaintiffs thereafter lacked standing to bring the current action.[1] *Id.* Accordingly, the trial court properly concluded that plaintiffs have no standing to contest the foreclosure.

---

[1] We noted that a redemption period may be equitably extended in cases involving a clear showing of fraud or irregularity. See, e.g., *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 56-57; 503 NW2d 639 (1993); *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969). As discussed, however, plaintiffs have not made a clear showing of fraud or irregularity in this case as required to warrant extension of the redemption period. Moreover, the redemption period had in fact expired in this case and this Court has previously recognized, albeit in an

In sum, the trial court properly granted summary disposition to defendant under MCR 2.116(I)(1) because there is no genuine issue of material fact regarding whether irregularities warrant setting aside the foreclosure and because plaintiffs lacked standing.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell

---

unpublished opinion, that "[a]lthough a clear showing of fraud or irregularity allows for an equitable extension of the redemption period, the redemption period cannot be extended once it has expired." *Dudley v Bank of America*, unpublished opinion of the Court of Appeals, issued May 20, 2014 (Docket No. 312771).