# STATE OF MICHIGAN

# COURT OF APPEALS

COMERICA BANK,

        Plaintiff-Appellee,

v

HOLY HOPE HERITAGE BAPTIST CHURCH,

        Defendant,

and

WILLIAM REVELY,

        Defendant-Appellant,

and

GENE KOHUT RECEIVER,

        Intervenor.

UNPUBLISHED
November 16, 2017

No. 333358
Wayne Circuit Court
LC No. 13-014335-CK

Before: MURRAY, P.J., and TALBOT and GLEICHER, JJ.

PER CURIAM.

    Defendant William Revely,[1] *in propria persona*, appeals as of right the trial court's order authorizing the sale of defendant Holy Hope Heritage Baptist Church's[2] real and personal property. For the reasons stated herein, we affirm.

---

[1] Revely was the pastor and resident agent of Holy Hope and served as guarantor of Holy Hope's debt to plaintiff Comerica Bank. Contrary to Comerica's assertion that Revely is engaging in the unauthorized practice of law by representing Holy Hope in this matter, Revely is representing only himself.

[2] Although a defendant below, Holy Hope is not a party to this appeal.

## I. FACTS AND PROCEDURAL HISTORY

In 2007, Holy Hope entered into a $450,000 fixed rate installment note with plaintiff Comerica Bank, and in 2010, Revely personally guaranteed Holy Hope's existing and future indebtedness to Comerica. Holy Hope and Revely subsequently defaulted, and Comerica filed this action against defendants[3] alleging breach of contract.

As a result of defendants' failure to timely answer the complaint, the trial court entered a default judgment against them in the amount of $432,188.86, and an order appointing Gene R. Kohut as receiver of Holy Hope's property pursuant to MCL 600.6104, MCL 600.2926, MCL 600.2927, MCR 2.621, and MCR 2.622. Comerica and Kohut then filed a joint motion for entry of an order authorizing the sale of Holy Hope's real and personal property to Redeemed Christian Fellowship Ministries for $125,000, the proceeds of which would be disbursed to Comerica. Kohut also filed a notice, with an inventory of all the personal property inside the church, stating that all personal property would be deemed abandoned and included as part of the sale if not contested by the time of the motion hearing.

At the initial hearing for the joint motion on April 29, 2016, Revely and Holy Hope's Deacon Mathis advised the trial court that they too had an interested buyer for Holy Hope's property, so the hearing was adjourned to allow that buyer time to present an offer. But at the continued motion hearing on May 20, 2016, the trial court rejected Revely's proposed buyer for failure to present an updated and timely purchase offer. Additionally, the court stated that Revely could remove his own personal items, including books and office furniture, from the church to exclude those items from the sale.

On May 23, 2016, the trial court entered a written order authorizing the sale of Holy Hope's real and personal property to Redeemed, and concluding that all personal property remaining in the church would be considered Holy Hope property and included with the sale.

## II. ANALYSIS

Revely's brief on appeal is severely deficient. He appears to argue that the trial court's May 23, 2016 order authorizing the sale of Holy Hope's real and personal property should be reversed because the value of the personal property seized exceeded the amount owed to Comerica. Further, he asserts that he "is well deserving to be compensated for damages and the loss of valuable items due to the confiscation and garnishments of the bank accounts, vehicles, books, jewelry, musical instruments, clothing's [sic], etc."[4] However, beyond citations to MCL 168.420, which requires circuit court judges to take an oath before assuming office, and *Comerica Bank v Cohen*, 291 Mich App 40; 805 NW2d 544 (2010), for the general proposition that a guarantor may be liable for the debt he or she guaranteed, Revely fails to cite any law supporting his argument. Moreover, Revely attached exhibits to his brief on appeal, but the only

---

[3] We refer to Holy Hope and Revely collectively as defendants.

[4] We note that Revely also discusses the potential buyer that he proposed to the trial court, but makes no argument that the court erred in choosing Redeemed to purchase the property.

document related to the value of the personal property is a "loss statement" which it appears he drafted, and for which he provides no record citation.

Even granting the leeway often afforded to parties appearing *in propria persona*, see *Haines v Kerner*, 404 US 519, 520-521; 92 S Ct 594; 30 L Ed 2d 652 (1972), we find Revely's presentation of his appeal wholly insufficient. " 'An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.' " *Kubicki v Mtg Electronic Registration Sys*, 292 Mich App 287, 291; 807 NW2d 433 (2011) (citation omitted). Thus, we hold that Revely has failed to properly present this issue for appeal.

Affirmed. Having prevailed in full, plaintiff may tax costs. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Michael J. Talbot
/s/ Elizabeth L. Gleicher