# STATE OF MICHIGAN

# COURT OF APPEALS

JEAN MARSHALL,

        Plaintiff-Appellee,

v

DANIEL J. RYAN, M.D., PC and DANIEL J. RYAN, M.D.,

        Defendants-Appellants,

and

SKYLER D. WOLFE, M.D., HURON OPHTHALMOLOGY, PC, WALTER CUKROWSKI, D.O., C. F. CUKROWSKI, D.O., and CUKROWSKI EYE CENTER, PC, doing business as EAST MICHIGAN EYE CENTER,

        Defendants.

UNPUBLISHED
December 26, 2017

No. 334196
Genesee Circuit Court
LC No. 13-099654-NH

JEAN MARSHALL,

        Plaintiff-Appellee,

v

DANIEL J. RYAN, M.D., PC, DANIEL J. RYAN, M.D., SKYLER D. WOLFE, M.D., and HURON OPHTHALMOLOGY, PC,

        Defendants,

and

WALTER CUKROWSKI, D.O., C. F. CUKROWSKI, D.O., and CUKROWSKI EYE CENTER, PC, doing business as EAST MICHIGAN EYE CENTER,

No. 336619
Genesee Circuit Court
LC No. 13-099654-NH

-1-

Defendants-Appellants.

Before: TALBOT, C.J., and BORRELLO and RIORDAN, JJ.

RIORDAN, J. (*concurring*).

I concur with the majority, but write separately to express hesitance regarding the jury's calculation of non-economic damages. The record is, at best, cloudy regarding the actual damages suffered by plaintiff. Indeed, plaintiff herself struggled to separate the problems she suffered due to her chronic conditions of 12 years and those that were caused for a significantly shorter time period of 13 months by the retained bandage contact lenses. While I recognize that the calculation of damages related to pain and suffering is inherently imprecise, our Supreme Court was clear in holding that "[t]he difficulty of reviewing damage awards [] does not undermine the judicial obligation to do so[.]" *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 764; 685 NW2d 391 (2004).

However, before the trial court and now on appeal, defendants chose to argue solely that there was *no* evidence of *any* damages caused by their negligence. In doing so, defendants left the trial court, and now leave us, with little to consider regarding what portion of pain and suffering was actually caused by the retained lenses that were in plaintiff's eyes for 13 months. Specifically, defendants failed to make an argument regarding what percentage of plaintiff's pain and suffering should have been attributed to her infections and giant papillae of 13 months in duration instead of her long-term eye issues of 12 years, which still continue. In fact, they did not cite a single case where a court of any jurisdiction upheld a calculation of damages or granted remittitur in considering a similar jury award for similar issues. Had defendants done so, the trial court would have had some grounds to properly consider whether the jury's calculation of damages was excessive, and we would have had a better record here upon which to determine if the trial court abused its discretion.

Ultimately, it was defendants' failure to do so that necessitates my determination that the trial court did not abuse its discretion in denying their motions for remittitur. After all, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Kubicki v Mtg Electronic Registration Sys*, 292 Mich App 287, 291; 807 NW2d 433 (2011) (quotation marks omitted).

While I question whether the jury's award of non-economic damages was excessive considering the evidence introduced at trial regarding plaintiff's long-term medical issues, defendants have provided no ground on which to hold that the trial court abused its discretion in denying their motions for remittitur. See *id*.

Therefore, I concur in the majority's decision to affirm.

/s/ Michael J. Riordan