# STATE OF MICHIGAN

# COURT OF APPEALS

TRACEY SMITH,

        Plaintiff-Appellant,

v

UNITED WAY OF GENESEE COUNTY and
UNITED WAY WORLDWIDE,

        Defendants-Appellees.

UNPUBLISHED
February 20, 2018

No.  335985
Genesee Circuit Court
LC No.  16-106968-NZ

Before:  JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In this wrongful termination and defamation action, plaintiff appeals as of right an order dismissing defendant United Way Worldwide, with prejudice from this wrongful termination, defamation, and slander action.  During the same motion hearing, a second order was entered dismissing, with prejudice, defendant United Way of Genesee County.  We affirm as to both orders.

## I. RELEVANT FACTS

On August 17, 2015, plaintiff began serving as an AmeriCorps VISTA member in two Flint-area schools.  Plaintiff's status as an AmeriCorps VISTA member was managed through the Corporation for National and Community Services (CNCS), a federal organization.  However, United Way Worldwide, through its local affiliate United Way of Genesee County, oversaw plaintiff's placement on a local level.

On November 13, 2015, plaintiff was dismissed from her service placement, and placed on administrative leave with pay, pending plaintiff finding another service placement.  CNCS sent plaintiff a letter on November 19, 2015, informing her that her placement had been terminated, per United Way Worldwide's request, due to plaintiff's "failure to meet the service hour requirement and communication challenges with partnering site staff members."  Plaintiff was officially terminated from the AmeriCorps VISTA program on December 7, 2015.

Acting *in propria persona*, plaintiff filed a complaint alleging wrongful termination, slander, and defamation of character solely against United Way of Genesee County.  Plaintiff claimed that despite performing excellent work, she was dismissed from her service placement without being disciplined.  Plaintiff alleged that an employee of another organization who was

-1-

"not a very honest individual," had told fabricated stories about plaintiff's performance to United Way of Genesee County.

Moving pursuant to MCR 2.116(C)(8), United Way of Genesee County argued that plaintiff had failed to state a claim upon which relief could be granted, and requested that the trial court dismiss plaintiff's complaint, with prejudice. The trial court granted United Way of Genesee County's motion with respect to plaintiff's wrongful termination claim. The trial court denied United Way of Genesee County's motion with respect to plaintiff's defamation claim, and ordered plaintiff to amend her defamation claim within 28 days by pleading specific facts to support her claim.

Plaintiff did amend her complaint by adding United Way Worldwide as a defendant. Plaintiff went on to allege that United Way of Genesee County and United Way Worldwide "gave negative feedback to [CNCS] and requested that . . . plaintiff be removed from her service position." Plaintiff maintained that her removal was "petty," and that she had never been previously disciplined. According to plaintiff, the only basis for her termination was an individual employed by another organization did not like her, and therefore, provided negative feedback regarding her job performance. However, plaintiff did not detail any specific incidents or articulate any specific defamatory comments to support her claim. The only support plaintiff provided was the November 19, 2015 letter she had received from CNCS.

United Way of Genesee County filed a renewed motion for summary disposition regarding plaintiff's defamation claim. Likewise, United Way Worldwide filed a motion for summary disposition, pursuant to MCR 2.116(C)(8), regarding plaintiff's defamation claim. The trial court granted both motions on the record during a hearing on November 14, 2016.

## II. DEFAMATION CLAIM

Although it is difficult to discern what, exactly, plaintiff argues in her brief on appeal, it appears as though plaintiff contends that the trial court committed error requiring reversal by granting United Way of Genesee County and United Way Worldwide's motions for summary disposition regarding plaintiff's defamation claim. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the pleadings, and should be granted when the complaint is so legally deficient that recovery would be impossible even if all well-pleaded facts are taken as true and viewed in the light most favorable to the nonmoving party. *Id.* at 119. Accordingly, only the pleadings may be considered by the trial court when deciding a motion for summary disposition under MCR 2.116(C)(8). *Id.* at 119-120.

As an initial matter, we note that plaintiff makes no mention of United Way of Genesee County in her brief on appeal. Rather, United Way Worldwide is the only defendant listed in the caption and on the proof of service. Further, plaintiff does not actually advance any arguments relating to her defamation claims against either United Way of Genesee County or United Way Worldwide. Plaintiff instead focuses the entirety of her brief on the actions of Crim Fitness

Foundation, a defendant in a separate action. See Docket No. 335988. Any mention of United Way of Genesee County or United Way Worldwide is cursory, at most.

"An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give only cursory treatment with little or no citation of supporting authority." *Kubicki v Mtg Electronic Registration Sys*, 292 Mich App 287, 291; 807 NW2d 433 (2011) (citation and quotation marks omitted). Therefore, plaintiff has essentially abandoned her claims on appeal. Regardless, we will briefly address plaintiff's claim on the merits.

To successfully plead a defamation claim, the plaintiff must prove the existence of:

(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication. [*Edwards v Detroit News, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 334058); slip op at 6, quoting *Lakin v Rund*, 318 Mich App 127, 133; 896 NW2d 76 (2016).]

"A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory[.]" *Sarkar v Doe*, 318 Mich App 156, 179 n 13; 897 NW2d 207 (2016) (citation omitted). This Court is required to analyze each "allegedly defamatory statement identified in" the complaint. *Id*. at 179.

Plaintiff failed to plead her defamation claim with the specificity required by Michigan law. In her original complaint, plaintiff failed to identify any specific statement, false, defamatory, or otherwise, made by an employee of United Way of Genesee County. At most, plaintiff claimed that an individual employed by another organization at her service placement was "not a very honest individual," and that individual had told fabricated stories about plaintiff's work performance to United Way of Genesee County. Those stories, plaintiff alleged, resulted in her termination as an AmeriCorps VISTA member. Plaintiff failed to provide any details regarding these fabricated stories.

Instead of dismissing her defamation claim outright, the trial court provided plaintiff with an opportunity to amend her complaint in order to plead any potential defamation claim with more specificity. In amending the complaint, plaintiff added United Way Worldwide as a defendant, but did nothing to make her defamation claim more specific. Instead, plaintiff surmised that she had been removed from her service placement due to "petty reasons." Plaintiff attempted to support her claim by attaching a letter from CNCS, which stated plaintiff was removed from her service placement, in part, due to "communication challenges with partnering site staff members." However, this letter is not sufficient to support a defamation claim, as it does not specifically identify "the exact language that the plaintiff alleges to be defamatory[.]" *Sarkar*, 318 Mich App at 179 n 13. Without explicitly stating who, what, where, and when, plaintiff cannot meet the specific pleading requirements of Michigan law.

We also briefly address United Way Worldwide's argument that even if plaintiff had identified a specific defamatory statement made by an employee of United Way Worldwide, that statement would be covered by qualified privilege.

The defendant has the burden of proving the existence of a qualified privilege in a defamation action. *Dadd v Mount Hope Church*, 486 Mich 857, 861; 780 NW2d 763 (2010), citing *Lawrence v Fox*, 357 Mich 134, 141; 97 NW2d 719 (1959). "An employer has the qualified privilege to defame an employee by making statements to other employees whose duties interest them in the subject matter." *Gonyea v Motor Parts Fed Credit Union*, 192 Mich App 74, 78-79; 480 NW2d 297 (1991). To show the existence of qualified privilege, the defendant must show

> (1) good faith, (2) an interest to be upheld, (3) a statement limited in its scope to this purpose, (4) a proper occasion, and (5) publication in a proper manner and to proper parties only." [*Prysak v Polk Co*, 193 Mich App 1, 15; 483 NW2d 629 (1992).]

"A plaintiff may overcome a qualified privilege only by showing that the statement was made with actual malice, i.e., *with knowledge of its falsity or reckless disregard of the truth*." *Id.*

The letter sent to plaintiff by CNCS indicated that United Way Worldwide had requested that plaintiff be terminated from her service placement due to plaintiff's "failure to meet the service hour requirement and communication challenges with partnering site staff members." Therefore, any defamatory statements would have been made by an individual within plaintiff's supervising organization, United Way Worldwide, through its local affiliate United Way of Genesee County, to CNCS, specifically regarding plaintiff's performance in her AmeriCorps VISA placement. Therefore, any defamatory statement would have been limited in scope, for a proper purpose, and made to the proper parties. Further, plaintiff has failed to show that any defamatory statement made was done with actual malice, "i.e., with knowledge of its falsity or reckless disregard of the truth." *Prysak*, 193 Mich App at 15 (emphasis removed).

Based on the foregoing, even if all allegations are taken as true and viewed in a light most favorable to plaintiff, plaintiff's defamation claims against United Way of Genesee County and United Way Worldwide are legally deficient. The trial court properly granted United Way of Genesee County's renewed motion for summary disposition and United Way Worldwide's motion for summary disposition, pursuant to MCR 2.116(C)(8). *Maiden*, 461 Mich at 118.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro