NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0252n.06

Case No. 16-2070

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT T. BRIMM, | ) | **FILED** |
| | ) | May 02, 2017 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| WELLS FARGO BANK, N.A.; and U.S. | ) | MICHIGAN |
| BANK, N.A., as Trustee for SASCO | ) | |
| MORTGAGE LOAN TRUST 2006-WF3, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: GIBBONS, SUTTON, and COOK, Circuit Judges.

SUTTON, Circuit Judge. Robert Brimm defaulted on his mortgage, and Wells Fargo foreclosed on his home. Brimm filed this lawsuit to set aside the foreclosure sale, alleging that Wells Fargo violated federal law and the implied covenant of good faith and fair dealing when it foreclosed without considering his final application for a loan modification. But Wells Fargo did respond to Brimm's last application, just as it responded to the many modification requests that preceded it. And even if Wells Fargo had declined to consider Brimm's duplicative application, that refusal would not violate federal law or the terms of the mortgage agreement. We affirm.

I.

In June 2006, Brimm took out a mortgage on his Auburn Hills, Michigan home from Wells Fargo. Brimm defaulted in June 2008. He obtained one loan modification in 2009 and

another in 2010, but both times he fell back into default. Brimm filed for Chapter 7 bankruptcy in October 2010, but did not discharge his mortgage debt. He instead continued to request modifications to the loan. After Brimm emerged from bankruptcy, Wells Fargo told him that it could not offer him a modification under the federal Home Affordable Mortgage Program (HAMP) because his proposed payments were less than 25% of his monthly income.

Wells Fargo accelerated the loan and began the foreclosure process in September 2012. Brimm made several more modification requests in 2013, all before the scheduled foreclosure sale. Wells Fargo denied the requests because Brimm's proposed payments were too small and Wells Fargo had already modified the loan twice. Brimm then sought to restructure his mortgage payments by filing for Chapter 13 bankruptcy protection.

But the bankruptcy court dismissed Brimm's petition after he failed to appear at a meeting with his creditors. Wells Fargo resumed the foreclosure process, and Brimm resumed asking Wells Fargo for a loan modification. In May 2014, Wells Fargo responded to Brimm's February request by repeating that he was not eligible for HAMP because his proposed payments were too small and that he was not eligible for any other modification programs because he already had exceeded the number of permissible loan modifications. Brimm submitted a final modification request in July 2014. He claims that Wells Fargo confirmed receipt in August but never responded with a decision. In fact, Wells Fargo responded on August 13 to let Brimm know that his application lacked the requisite documentation.

A foreclosure sale was scheduled for September 23. Trying to fend that off, Brimm sought bankruptcy protection again in August. The bankruptcy court dismissed his case again. The foreclosure sale went forward on January 6, 2015.

Brimm filed this lawsuit in state court, claiming that Wells Fargo failed to provide adequate notice and made several fraudulent statements during the foreclosure process. He added that, by refusing to evaluate his final loan modification request in July 2014, Wells Fargo (1) violated 12 C.F.R § 1024.41; (2) was negligent per se under state law by violating the federal regulation; and (3) violated the mortgage contract's implied covenant of good faith and fair dealing. Brimm asked the court to set aside the foreclosure sale, order Wells Fargo to consider his loan modification request, and award any appropriate "emotional damages." R. 1-2 at 11. Wells Fargo removed the case, and the district court granted Wells Fargo's motion to dismiss or for summary judgment on all of Brimm's claims. On appeal, Brimm does not contest the dismissal of his fraud and lack-of-notice claims. He seeks to revive only the claims relating to his loan modification requests.

II.

Brimm bases his first two claims on 12 C.F.R. § 1024.41, a regulation promulgated by the Consumer Financial Protection Bureau under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. The regulation came into effect on January 10, 2014, shortly before Brimm began his last round of modification requests. *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 297 (6th Cir. 2015). The regulation requires mortgage servicers to make decisions on loan modification requests in a timely manner and prohibits servicers from foreclosing if a mortgagor submits a complete modification application more than 37 days before a scheduled sale. 12 C.F.R. § 1024.41(b), (c), (g). Brimm claims that Wells Fargo never responded to his July 2014 application for a loan modification and went ahead with the foreclosure sale anyway.

First off, Wells Fargo *did respond* to Brimm's July request. It sent him a letter on August 13, informing him that his application for a modification was incomplete because it did not

include all of the required documents. Brimm never responded to this letter. He instead filed his third bankruptcy petition a few days later. Brimm's complaint says that his July application included all of the necessary documents, but he never provided any evidence to back up the claim, as required in a response to a summary judgment motion.

Wells Fargo in any case could have gone through with the sale nonetheless. Section 1024.41, as it happens, does not require mortgage servicers to consider duplicative requests. The regulation requires a servicer only "to comply with the requirements of this section for *a single* complete loss mitigation application for a borrower's mortgage loan account." *Id.* § 1024.41(i) (emphasis added). As Brimm concedes, Wells Fargo responded to at least seven of his serial loan modification requests over the years, and even granted two of them. For good measure, Wells Fargo also responded to Brimm's first request after § 1024.41 came into effect, letting him know in May 2014 that he was not eligible for any modifications. In light of all that, Wells Fargo had no obligation to respond to Brimm's renewed request in July, much less to postpone the foreclosure sale while considering it. The district court correctly granted summary judgment to Wells Fargo on Brimm's § 1024.41 claim and the related negligence per se claim.

Brimm separately argues that Wells Fargo breached the mortgage agreement's implied covenant of good faith and fair dealing by refusing to consider his final modification request. But here, too, Wells Fargo *did respond* to Brimm by informing him that his application was incomplete. What is more, Brimm does not have a viable contract claim anyway. Michigan recognizes an implied covenant of good faith and fair dealing only when one party "makes the manner of its performance a matter of its own discretion." *Burkhardt v. City Nat'l Bank of Detroit*, 226 N.W.2d 678, 680 (Mich. Ct. App. 1975). If a mortgage agreement required the

4

borrower to pay annually "a sum [e]stimated by the [bank] to be sufficient" to pay all taxes, for example, the bank would have to exercise good faith when estimating that sum. *Id.* But Brimm's mortgage agreement did not require Wells Fargo to entertain loan modification requests in any particular manner. It did not mention modifications at all. Wells Fargo's decisions to accept, reject, or ignore Brimm's loan modification requests thus had nothing to with "the manner of its performance" of the contract. The district court correctly dismissed this claim.

For these reasons, we affirm.