ROBULUS *v.* AMERICAN STATE BANK.

MORTGAGES—FORECLOSURE BY ADVERTISEMENT—FAILURE TO SERVE NOTICE—STATUTES.
Where mortgage contained usual power of sale, foreclosure by advertisement should not be set aside on ground that plaintiff, one of mortgagors, was not served with notice of proceedings, where statute was strictly followed, and no irregularities are charged; statute not requiring actual notice (3 Comp. Laws 1929, § 14427).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 19, 1932. (Docket No. 121, Calendar No. 36,210.) Decided April 4, 1932.

Bill by Achilles Isidore Robulus against American State Bank and others to set aside a foreclosure sale and deed thereunder. Bill dismissed. Plaintiff appeals. Affirmed.

*Ernest N. Papps,* for plaintiff.

*Archer F. Ritchie,* for defendant Peoples Wayne County Bank.

McDONALD, J. This bill was filed to have a foreclosure sale and sheriff's deed set aside on the ground that the plaintiff, one of the mortgagors, was not served with notice of the proceedings. On motion of defendants the bill was dismissed. The plaintiff has appealed.

The mortgage was given by the plaintiff and Leonidas Polites, both residents of the city of Detroit but the mortgaged property is located in the city of Dearborn. Foreclosure was by advertise-

ment. There is no charge in the bill that, in the proceedings, the statute was not strictly followed. No irregularity is charged. The sole theory of the plaintiff's case is that he was not served with notice of foreclosure, and that he supposed the mortgagee would not undertake such proceedings without notifying him.

The mortgage contained the usual power of sale. The statute authorizing foreclosure by advertisement does not require actual notice to the mortgagor. It only provides for publication and the posting of notice on the premises. 3 Comp. Laws 1929, § 14427. As the plaintiff bases his case solely on the ground that he received no actual notice, his bill was properly dismissed.

The decree is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.