CHEFF v EDWARDS

Docket No. 135295. Submitted November 10, 1993, at Lansing. Decided February 8, 1994, at 9:25 A.M.

Clarence E. Cheff brought an action in the Oakland Circuit Court against Ann M. Edwards and Gail G. Edwards, seeking a declaration that his junior mortgage remained an encumbrance on a piece of property after Ann Edwards had foreclosed her senior mortgage by advertisement, because he had not been given adequate notice of the foreclosure. Ann Edwards, as a result of her divorce from Charles Edwards, acquired a mortgage on a piece of commercial property used by Charles in his business. When Charles defaulted, Ann foreclosed and received a deed to the property. Charles and his new wife, Gail, repurchased the property from Ann, making a down payment and executing a purchase money mortgage lien and note for the unpaid balance. The down payment for that purchase had been obtained by Charles and Gail from the plaintiff, who received a notice and mortgage in return. Ann foreclosed by advertisement, as was permitted by her mortgage, when no payments were made on the outstanding balance and purchased the property at the foreclosure sale, giving notice of the foreclosure by publication in accordance with the statutory requirements. The court, John N. O'Brien, J., granted summary disposition for Ann Edwards. The plaintiff appealed.

The Court of Appeals *held:*

The plaintiff was not entitled to any greater notice than that required by statute, notice by publication. Foreclosure by advertisement is valid and does not abridge any constitutional right of the plaintiff. While personal notice might be desirable, it is not required.

Affirmed.

*Richards & DeWitt, P.C.* (by *David L. Richards*), for the plaintiff.

*Nolan & Walker, P.C.* (by *Marguerite F. Walker, II*), for Ann M. Edwards.

Before: MICHAEL J. KELLY, P.J. and HOOD and
T. R. THOMAS,* JJ.

PER CURIAM. Plaintiff appeals as of right from
an order of the Oakland Circuit Court granting
summary disposition in favor of defendant Ann M.
Edwards (hereinafter defendant). Plaintiff had
sought a declaratory ruling that he, as a junior
mortgagor, was entitled to personal notice rather
than notice by publication when defendant fore-
closed by advertisement her senior mortgage. We
affirm.

Defendant and Charles B. Edwards were mar-
ried until 1977. In their divorce judgment, defen-
dant agreed to relinquish her interest in "Sir
Charles Pub," the family business in Royal Oak. In
order to secure the payment of funds that he owed
as a result of the divorce, Charles executed a
mortgage against the pub property, naming defen-
dant as the mortgagee.

During the ensuing five years, defendant began
several foreclosure proceedings against Charles
because he was in default on the mortgage and
eventually succeeded in foreclosing by advertise-
ment and received a sheriff's deed to the property
on December 21, 1984.

In the summer of 1985, Charles and his new
wife, Gail, entered into negotiations with defen-
dant to repurchase the property, and eventually a
purchase agreement was executed by defendant as
the seller and Charles and Gail as the purchasers.
The agreement provided for a purchase price of
$78,000, with a $62,000 down payment, with the
balance of $16,000 to be paid within ninety days,
with interest. A purchase money mortgage lien
and note were executed, with Charles and Gail as
the mortgagors and defendant as the mortgagee.

* Circuit judge, sitting on the Court of Appeals by assignment.

Charles and Gail had obtained the entire $62,000
down payment from plaintiff, in return for which
they executed a note and mortgage naming plain-
tiff as mortgagee. Both mortgages were recorded
on the same date, but both parties agree that
defendant's mortgage is the senior lien and plain-
tiff's mortgage is the junior lien. Charles continued
to operate the pub until his death in 1986.

Charles and Gail failed to make any payments
on the $16,000 owed to defendant. After default,
but before foreclosure, defendant's attorney con-
tacted plaintiff's attorney at that time by phone
and informed him that the $16,000 payment had
not been made and that a foreclosure action was
being started.

Defendant, pursuant to enabling language in her
mortgage, followed the procedures for foreclosure
by advertisement, appeared at the foreclosure sale,
and bid on the property in the amount of
$16,956.56, the principal and interest due on the
note. She was the only bidder and received a
sheriff's deed on January 10, 1986. No redemption
of the property was ever attempted.

Plaintiff filed the instant action, asserting that
his mortgage remains as an encumbrance on the
real estate. The trial court disagreed and granted
defendant's motion for summary disposition.

Plaintiff asserts that notice of the foreclosure by
publication in a newspaper and posting on the
property was not adequate and proper notice rea-
sonably calculated to apprise him, as an interested
party, of the proceedings, nor did it afford him a
reasonable opportunity to respond and protect his
interest in the property. He also claims that be-
cause the foreclosure ultimately resulted in a sale
at the circuit court with a sheriff present, and
because defendant's original interest in the prop-
erty arose from a circuit court action, a state

action was involved and he was denied due process. We disagree.

We first note that the trial court was correct in its determination that plaintiff was not entitled to any greater notice than that required by the statute involved. Foreclosure by advertisement is controlled by statute. A mortgagee who uses this method of foreclosure must follow the statutory requirements found in MCL 600.3201; MSA 27A.3201 concerning the initial mortgage and procedural requirements, the publication and posting requirements found in MCL 600.3208; MSA 27A.3208, and the sales procedure requirements found in MCL 600.3216; MSA 27A.3216. There is no dispute that all the statutory requirements were followed by the defendant in the foreclosure underlying this action.

The constitutionality of foreclosure by advertisement has been reviewed and held valid previously by this Court in *Nat'l Airport Corp v Wayne Bank,* 73 Mich App 572, 576; 252 NW2d 519 (1977), by our Supreme Court in *Cramer v Metropolitan Savings & Loan Ass'n,* 401 Mich 252; 258 NW2d 20 (1977), cert den 436 US 958 (1978), and by the United States Court of Appeals for the Sixth Circuit in *Northrip v Federal Nat'l Mortgage Ass'n,* 527 F2d 23 (CA 6, 1975). Also, foreclosure by advertisement is not a judicial action and does not involve state action for purposes of the Due Process Clause, but rather is based on contract between the mortgagor and the mortgagee. *Manufacturer's Hanover Mortgage Corp v Snell,* 142 Mich App 548, 553; 370 NW2d 401 (1988); *Cramer, supra* at 259. As the trial court noted, "the statutes may be viewed as harsh or offensive but has [sic] remained unaltered either by legislative fiat or by judicial decision and applies equally to all who

choose to involve themselves in this type of business."

We must also reject plaintiff's argument that the statute does not give sufficient notice to other parties and the mortgagee. As indicated, personal service is not required by the statute; instead, publication in a newspaper for four consecutive weeks and a posting of the foreclosure notice on the premises is all that is required. MCL 600.3208; MSA 27A.3208. Although personal notice to or service on other mortgagees (which was arguably given to plaintiff through his attorney) may be desirable, it is not required. *Jennings v Arnold,* 272 Mich 599, 603; 262 NW 419 (1935); *Robulus v American State Bank,* 258 Mich 21, 22; 241 NW 831 (1932). Further, a state action was not involved, because defendant's initial acquisition of the property arose from the prior domestic relations case. That judicial proceeding had nothing to do with the denial of plaintiff's interest in the property, but dealt instead with defendant's settlement of the marital estate with her former spouse.

Affirmed.