Natalie RAY, Plaintiff–Appellant,

v.

OAKLAND COUNTY DRAIN COMMISSION, et al., Defendants–Appellees.

No. 03–2298.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Rehearing En Banc Denied Jan. 24, 2005.

Natalie Ray, Bloomfield Hills, MI, pro se.

William G. Pierson, Oakland County Prosecutor's Office, Pontiac, MI, Molly E. McManus, Warner, Norcross & Judd, Grand Rapids, MI, Charles L. Hahn, for Defendants–Appellees.

Before NORRIS and DAUGHTREY, Circuit Judges; and OLIVER, District Judge.[*]

## ORDER

Natalie Ray, a pro se Michigan resident, appeals a district court order dismissing her civil case filed pursuant to 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331, 1332, 1339, 1343, 1357. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Ray sued Oakland County, Michigan, county agencies, county employee Donald Salvin, a bank, a mortgage company, a law firm, and two employees of the law firm. The action concerned a foreclosure sale of property which Ray owned. Ray alleged that since she sent several letters referring to the Uniform Commercial Code, her letters should have convinced the defendants not to foreclose on her property. She complains that the defendants failed to investigate or sufficiently answer her correspondence prior to selling her property. Ray also claimed that she was denied procedural due process because she was not given notice and an opportunity to be heard regarding the foreclosure. The district court dismissed the complaint for failure to state a claim.

In her timely appeal, Ray's brief is construed as arguing that the district court should not have dismissed her complaint, that the defendants violated the Fair Debt Practices Act, that she was entitled to have an opportunity to be heard prior to the foreclosure, that she should have been granted her request to conduct discovery,

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

and that the district court judge should have recused himself.

Ray's complaint was dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the district court determined that Ray had failed to state a claim upon which relief can be granted. We conduct a de novo review of a dismissal under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 511–12 (6th Cir.2001). In reviewing the motion, the court construes the complaint in the light most favorable to the plaintiff, accepts all of the factual allegations as true, and determines whether the plaintiff undoubtedly can prove no set of facts in support of her claim that would entitle her to relief. *Id.* at 512. The court need not accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

■ The complaint was properly dismissed. Ray contends that her equal protection and due process rights were violated because the defendants failed to give her adequate notice of the foreclosure on the property and an opportunity to be heard. Ray's property was foreclosed by advertisement, which is regulated by Michigan law. *See* Mich. Comp. Law § 600.3201. "The constitutionality of foreclosure by advertisement has been reviewed and has been held valid previously by [the Michigan Court of Appeals] ... by [the Michigan] Supreme Court ... and the United States Court of Appeals for the Sixth Circuit...." *Cheff v. Edwards,* 203 Mich.App. 557, 513 N.W.2d 439, 441 (1994); *see also Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 26–29 (6th Cir.1975). In *Northrip,* this court found that the foreclosure by advertisement was "an incident of the private right to contract" and that "the state did not exert any control or compulsion over the creditor's decision to repossess." *Northrip,* 527 F.2d at 26–28.

Despite the existence of a statute to regulate foreclosure by advertisement in Michigan, and the involvement of the sheriff and register of deeds in the procedure, this court concluded that no state action existed for Fourteenth Amendment purposes. Therefore, the creditors that pursued foreclosure were not subject to constitutional restraints. *Id.* at 28–29. Accordingly, Ray cannot state a constitutional claim against the defendants for foreclosure of her property by advertisement.

■ In as much as Ray is claiming a due process and equal protection violation against Oakland County and Salvin for their failure to investigate the propriety of the foreclosure, Ray has not alleged facts upon which relief could be granted. The county's and Salvin's alleged inaction to investigate the foreclosure does not constitute official government participation in the foreclosure. *See United States v. Coleman,* 628 F.2d 961, 964 (6th Cir.1980). Thus, Ray's claims against the county and Salvin are without merit.

■ Ray also alleges that the law firm of Trott & Trott, P.C., and its employees, Heide Myszak and David Trott, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Although Ray is not clear as to the reasons for the violation, it appears that Ray is arguing that Trott & Trott ignored or inadequately responded to her correspondence regarding her indebtedness. Ray concedes that she received notice of the foreclosure and she does not allege that the defendants violated Michigan's laws regulating foreclosures by advertisement. Ray's dissatisfaction with the law firm's inaction to her letters does not establish an abusive debt collection practice. *See Montgomery v. Huntington Bank,* 346 F.3d 693, 698–99 (6th Cir.2003).

■ Ray states that the district judge should have recused himself. It is unclear from her brief why Ray thinks the district court judge should have recused himself. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The judge must recuse himself only "if a reasonably objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States,* 899 F.2d 1495, 1501 (6th Cir.1990). There is no evidence in the record indicating that the district court judge was biased. The facts establish that Ray's claims regarding the foreclosure proceeding were without merit. Thus, the district court's decision dismissing Ray's case does not establish a basis for recusal under § 445(a).

■ Finally, Ray mentions that she was denied the opportunity to engage in discovery. The record establishes that the defendants moved to dismiss Ray's complaint soon after it was filed. The record shows that between the time the defendants moved to dismiss the complaint and the time that the district court issued its order of dismissal, Ray did not move for discovery or seek a delay of the dismissal so as to engage in discovery. The request for discovery was not made until Ray filed her Fed.R.Civ.P. 59 motion for reconsideration. A district court's discovery ruling is reviewed for an abuse of discretion. *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir.1993). As Ray's discovery request was made only after the district court dismissed the case, the district court's decision regarding the denial of Ray's request for discovery was not an abuse of discretion. *Id.*

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.