# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH S. MELNYCHENKO,

      Plaintiff-Appellant,

v

CARRINGTON MORTGAGE SERVICES LLC,

      Defendant-Appellee.

UNPUBLISHED
May 10, 2018

No. 337118
St. Clair Circuit Court
LC No. 15-002360-CH

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition in this quiet title action following a mortgage foreclosure. We affirm.

In 2009, plaintiff secured a mortgage encumbering real property located in Port Huron and that mortgage was ultimately assigned to defendant. In 2014, plaintiff defaulted on the mortgage loan and defendant initiated a foreclosure-by-advertisement proceeding on the property. On January 13, 2015, the first of four notices of foreclosure appeared in the Port Huron Times Herald. On January 16, 2015, Daniel Bueche, Deputy Sheriff with the St. Clair County Sheriff's Office, posted a copy of the foreclosure notice on the front door of the dwelling located on the subject property, which he photographed. A sheriff's sale was conducted on May 7, 2015, after being adjourned twice allegedly at plaintiff's request, and defendant was the successful bidder for the property. The sheriff's deed was recorded on May 12, 2015, and the statutory redemption period expired on November 7, 2015.

Instead of redeeming the property, on September 30, 2015, plaintiff filed a complaint to quiet title and for injunctive relief, alleging that defendant failed to post a notice in a conspicuous place that the mortgage would be foreclosed by a sale of the premises in violation of MCL 600.3208. On November 4, 2015, in support of a request for a temporary restraining order, plaintiff filed his affidavit averring that "he never received a true posted copy of the Notice that the mortgage would be foreclosed by a sale of the mortgaged premises pursuant to MCLA 600.3208." On that same date, a temporary restraining order and order to show cause was entered by the trial court, which stayed and tolled the redemption period. Defendant was ordered to appear and show cause why a preliminary injunction should not issue. Apparently, several adjournments of the proceedings followed.

-1-

On August 3, 2016, defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). Defendant argued, in relevant part, that plaintiff failed to establish a genuine issue of material fact existed on the issue of compliance with the posted-notice requirement of MCL 600.3208. In particular, defendant argued, the affidavit of posting executed by Deputy Sheriff Bueche, which is notarized and dated January 16, 2015, states that he "posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner" to the front door of the subject premises. Plaintiff had presented no evidence to refute defendant's claim of proper notice; his self-serving affidavit was insufficient. Accordingly, defendant requested the trial court to grant its motion for summary disposition.

On October 17, 2016, plaintiff filed a response to defendant's motion, arguing in relevant part that a genuine issue of material fact existed regarding whether defendant did, in fact, post notice of the foreclosure on the subject property as required under MCL 600.3208. Plaintiff admitted that there was a photograph of the posting, but claimed there was a question as to its authenticity. Thus, plaintiff argued that defendant's motion for summary disposition should be denied.

At a hearing on defendant's motion for summary disposition, defendant argued that it had presented plaintiff with a second affidavit from Deputy Sheriff Bueche which attested that he was the person who did the posting on the dwelling, that he took the photograph of the notice posted on the front door, and that the affidavit of posting had been filed with the register of deeds. Defendant argued that its evidence regarding the proper posting of notice was undisputed by plaintiff and, thus, defendant was entitled to summary dismissal. Plaintiff argued that he did not see the posted notice and the photograph of the purported notice was not authenticated. The trial court considered plaintiff's affidavit which was "worded carefully" but "very general" and "not specific in terms of refuting the date and time and the nature of the posting that the Deputy has claimed occurred in his Affidavit." The court concluded that plaintiff's self-serving affidavit alone was insufficient to establish that a genuine issue of material fact existed on the issue of notice and granted defendant's motion for summary disposition. Plaintiff filed a motion for reconsideration, which was denied. This appeal followed.

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because there was a genuine issue of material fact regarding whether defendant complied with the posted-notice requirement of MCL 600.3208. We disagree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Sheridan v Forest Hills Pub Sch*, 247 Mich App 611, 620; 637 NW2d 536 (2001). Defendant's motion was brought under both MCR 2.116(C)(8) and (C)(10). Because the court considered evidence beyond the pleadings, we review the motion as granted under subrule (C)(10). See *Steward v Panek*, 251 Mich App 546, 554-555; 652 NW2d 232 (2002). A motion brought under MCR 2.116(C)(10) tests the factual support of a claim. *Sheridan*, 247 Mich App at 620. The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The burden then shifts to the opposing party to establish by evidentiary materials that a genuine issue of disputed fact exists. *Id*. After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court

determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

Foreclosure by advertisement is governed by MCL 600.3201 *et seq*. MCL 600.3208 provides:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. . . . In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

Plaintiff argues that a genuine issue of material fact exists as to whether defendant posted the requisite notice on the premises.

In support of its motion for summary disposition, defendant presented two affidavits from Deputy Sheriff Bueche which stated that he posted the notice of foreclosure on the front door of the subject premises, as depicted in a photograph that he took. The affidavit of posting that he executed was recorded at the register of deeds as set forth under MCL 600.3256(1)(c), which is "presumptive evidence of the facts therein contained," MCL 600.3264. In other words, that affidavit was presumptive evidence that defendant complied with the posted-notice requirement set forth in MCL 600.3208.

In support of his claim that defendant failed to comply with the posted-notice requirement, plaintiff presented his affidavit averring that "he never received a true posted copy of the Notice that the mortgage would be foreclosed by a sale of the mortgaged premises pursuant to MCLA 600.3208." First, MCL 600.3208 does not require that the defaulting party *receive* "a true posted copy" of the notice; rather, the statute states: "a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice." Second, as this Court explained in *Cheff v Edwards*, 203 Mich App 557, 560-561; 513 NW2d 439 (1994), personal notice or service is not required by MCL 600.3208. "[P]ublication in a newspaper for four consecutive weeks and a posting of the foreclosure notice on the premises is all that is required." *Id*. at 561. Third, MCL 600.3208 does not require that the defaulting party even observe the posted notice. Fourth, although plaintiff challenged the authenticity of the photograph presented by defendant, MCL 600.3208 does not require that such a photograph be taken of the posted notice. And fifth, plaintiff presented no evidence that defendant failed to comply with the posted-notice requirement of MCL 600.3208.

In summary, the trial court properly granted defendant's motion for summary disposition

because there was no genuine issue of material fact that defendant complied with the posted-notice requirement set forth in MCL 600.3208.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Brock A. Swartzle