*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RODNEY JAY LOGAN,

        Plaintiff-Appellant,

v

DEWAYNE R. GRANN, WELLS FARGO BANK NATIONAL ASSOCIATION, and NATIONSTAR MORTGAGE LLC, doing business as MR. COOPER,

        Defendants-Appellees.

UNPUBLISHED
June 1, 2023

No. 358022
Washtenaw Circuit Court
LC No. 20-000272-CH

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiff Rodney Jay Logan appeals as of right the trial court's order granting summary disposition in favor of defendants Wells Fargo Bank National Association and Nationstar Mortgage LLC (collectively, mortgagee defendants). Finding no error warranting reversal, we affirm.

## I. BACKGROUND

This case is about Logan's former residence (the Property). When Logan purchased the Property in 1999, he executed a mortgage in favor of Countrywide Home Loans, Inc. The mortgage was later assigned to Wells Fargo, and Nationstar serviced the related loan. Logan fell behind on his payments, and he was advised in July 2019 that Nationstar would be pursuing foreclosure. In a mortgage loan statement dated August 20, 2019, Nationstar informed Logan that he owed $8,699.52 by September 1, 2019. This amount was characterized as a "Reinstatement Amount Due." The statement explained:

> The Reinstatement Amount Due is the amount you must pay as of the date of this billing statement to bring your loan current. Your loan has been accelerated. The Accelerated Amount Due is the approximate payoff as of the date of the billing statement.

-1-

The "Accelerated Amount Due" was $140,084.24.

According to Logan's amended complaint, he paid Nationstar $9,583.07 by wire transfer on September 12, 2019. Logan alleged that a representative of Nationstar indicated that he would be able to bring the mortgage current and that Nationstar would request a postponement of the sheriff's sale, which was scheduled to take place the same day. The sheriff's sale proceeded as scheduled, however, and the Property was sold to Wells Fargo for $145,387.35. Wells Fargo later conveyed the Property to defendant Dewayne R. Grann via covenant deed.

Logan filed this lawsuit two days before the statutory redemption period expired in an attempt to challenge the foreclosure. The trial court granted an *ex parte* order extending the redemption period for 90 days, but Logan never redeemed the Property. Although Logan initially sued Grann only, his amended complaint added Wells Fargo and Nationstar as defendants and pleaded 11 separate counts. Rather than answer Logan's amended complaint, mortgagee defendants moved for summary disposition under MCR 2.116(C)(8). The trial court granted mortgagee defendants' motion and dismissed the entire amended complaint.

This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Likewise, whether a party has standing is a question of law that we review de novo. *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019). On de novo review, we evaluate the legal issue independently, giving "respectful consideration, but no deference" to the trial court's conclusion. *Wasik v Auto Club Ins Assoc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355848); slip op at 2. "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159 (emphasis omitted). "Summary disposition is appropriately granted under MCR 2.116(C)(8) when the opposing party has failed to state a claim upon which relief may be granted." *Bodnar v St John Providence, Inc*, 327 Mich App 203, 212; 933 NW2d 363 (2019). To warrant summary disposition, the claim must be "so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160. In evaluating the legal sufficiency of the complaint, the trial court must consider only the pleadings, accept well-pleaded allegations as true, and construe them in favor of the nonmoving party. *Bodnar*, 327 Mich App at 212.

## III. ANALYSIS

On appeal, Logan first argues that the trial court erred by concluding that he lacked standing to bring the claims in his amended complaint after the redemption period expired.

"[S]tanding is a limited, prudential doctrine, the purpose of which is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 590; 957 NW2d 731 (2020) (quotation marks and citations omitted). The plaintiff must have "some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *MOSES, Inc v Southeast Mich Council of Gov'ts*, 270 Mich App 401, 414; 716 NW2d 278 (2006) (quotation marks and citations omitted). Michigan's approach to standing dictates that standing exists

"whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). Additionally, when a cause of action is not provided by law, a litigant may still have standing "if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." *Id*.

This case involves Logan's standing to challenge the foreclosure by advertisement on the Property. "The right to foreclosure by advertisement is statutory." *Church & Church, Inc v A-1 Carpentry*, 281 Mich App 330, 339; 766 NW2d 30 (2008). See also MCL 600.3201 *et seq*. Unlike judicial foreclosures, foreclosures by advertisement are a matter of contract between the mortgagor and the mortgagee.[1] *Cheff v Edwards*, 203 Mich App 557, 560; 513 NW2d 439 (1994). The foreclosing party must publish a notice of foreclosure by advertisement about the scheduled sale of the property, which is often administered by the county sheriff's office. See MCL 600.3212 and 600.3216. "Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Here, the applicable redemption period was six months. See MCL 600.3240(8). The trial court then extended the redemption period by 90 days, but Logan never redeemed the Property.

In *Bryan*, 304 Mich App at 710-711, the defendant foreclosed on the plaintiff's property and purchased the property at a sheriff's sale. The plaintiff did not redeem the property within the statutory period, and the defendant obtained a judgment of possession several weeks later. *Id*. at 711. The plaintiff then filed a complaint challenging the foreclosure, alleging unjust enrichment and deceptive or unfair practices, and seeking to quiet title in her favor. *Id*. This Court observed that when a mortgagor does not exercise their redemption rights, "all the mortgagor's rights in and to the property are extinguished." *Id*. at 713. Because the plaintiff did not avail herself of her redemption right within the statutory timeframe, this Court held that she "lost standing to bring her claim." *Id*. at 715.

Here, the trial court held that Logan lacked standing to challenge the foreclosure because the expiration of the redemption period extinguished his interest in the Property. Although the trial court cited *MOSES* as authority, rather than *Bryan*, the rationale is the same—that a litigant without a cognizable interest in the subject matter of the controversy lacks standing. Compare *Bryan*, 304 Mich App at 713-715 (reasoning that the plaintiff lacked standing because expiration of the redemption period extinguished her rights to the property), with *MOSES*, 270 Mich App at 414 (stating that standing exists if the claimant has a right, title, or interest in subject matter).

Logan argues that the trial court erred because he had a right to have the foreclosure sale set aside for fraud. As Logan correctly notes, this Court has held that a mortgagor seeking to set aside a foreclosure by advertisement must allege facts to establish three elements: "(1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice . . . ." *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014), citing *Kim v*

---

[1] The mortgagor is the borrower of a mortgage loan, and the mortgagee is the lender. *Black's Law Dictionary* (11th ed).

*JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012). While *Diem* did not address standing, *Diem*, 307 Mich App at 214 n 5, we interpret it as clarifying an exception to *Bryan*'s general holding that a mortgagor loses standing to challenge a foreclosure upon expiration of the redemption period. If the mortgagor is able to establish their right to have a foreclosure set aside as contemplated in *Diem*, the successful foreclosure challenge would effectively nullify the extinguishment of the mortgagor's rights that occurred upon expiration of the redemption period. And because the mortgagor would then have enforceable rights associated with the subject property, *Bryan*'s rationale regarding lack of standing would have no weight.[2] Indeed, *Bryan* favorably cited an unpublished opinion recognizing that the redemption period could not be equitably extended following foreclosure by advertisement *unless* there was a clear showing of fraud or irregularity. *Bryan*, 304 Mich App at 714.

The pivotal question is therefore whether Logan pleaded a viable foreclosure challenge on the basis of fraud or irregularity in the foreclosure procedure. Logan contends that he pleaded fraud.[3] Logan's claims turned on the following factual allegations in his complaint:

> 16. On July 15, 2019, a letter was issued to Mr. Logan by Trott Law, representing [Nationstar], a collection firm, seeking to accelerate the mortgage debt owed to Wells Fargo (Exhibit 6).

> 17. On or about August 15, 2019, a Notice of Foreclosure by Advertisement notice was issued for publication in the Washtenaw County Legal News on August 15, 2019, August 22, 2019, and September 5, 2019 (Exhibit 7). The Notice of Foreclosure identified September 12, 2019 as the public auction date and identified $140,091.74 as the sum owing on the mortgage.

> 18. On or about August 20, 2019, a Mortgage Loan Statement was issued to Mr. Logan by [Nationstar] for the Property (Exhibit 8). This Statement advised that Mr. Logan's loan had been accelerated and identified the Acceleration Amount Due of $140,084.24. This Statement also provided a Reinstatement Amount of $8,699.52 and instructed that all payments be made to [Nationstar]. This Statement further advised that: "The Reinstatement Amount due is the amount you must pay as of the date of this billing statement to **bring your loan current**." (Emphasis provided[.])

---

[2] The plaintiff in *Bryan* argued before the trial court that she had standing to sue because of fraud or irregularity in the foreclosure process. *Bryan*, 304 Mich App at 711. This Court did not address whether the allegation of fraud was enough to convey standing, presumably because it held that even if the plaintiff had standing, her claims were barred by res judicata and collateral estoppel. *Id.* at 715. This Court also held that the defendant would have been entitled to summary disposition in any event because the plaintiff did not demonstrate prejudice arising from a foreclosure irregularity. *Id.* at 716.

[3] Because Logan's argument before this Court focuses exclusively on fraud, we decline to consider whether there were other "irregularities" in the foreclosure procedure that did not amount to fraud.

19. On September 12, 2019, Mr. Logan paid $9,583.07 to [Nationstar], via a domestic wire transfer initiated through Bank of America (Exhibit 9). This amount was more than the $8,699.52 Reinstatement Amount shown on the August 20, 2019 Statement, and was therefore sufficient to bring Mr. Logan's mortgage account current.

20. Nevertheless, on September 12, 2019, the Property was sold via Sheriff's Deed on Mortgage Sale to mortgagee Wells Fargo for $145,387.35 (Exhibit 10). An Affidavit of Purchaser was also executed, in tandem with the Sheriff's Deed (Exhibit l0). Both of these documents identify March 12, 2020 as the end-date for the redemption period.

21. On September 25, 2019, Mr. Logan wrote a letter to [Nationstar], disputing the amount allegedly owed on the mortgage, requesting a full account history for the mortgage, and disputing the validity of the sheriff's sale conducted on September 12, 2019 (Exhibit 11). In particular, Mr. Logan's letter indicates that he had been working with [Nationstar] personnel in the days immediately preceding September 12, 2019, and that [Nationstar] personnel had indicated to Mr. Logan that: (a) Mr. Logan would be able to bring the mortgage current; and (b) that [Nationstar] would request a postponement of the Sheriff's Sale. In reliance on these representations from [Nationstar] personnel, Mr. Logan made his $9,583.07 payment to [Nationstar] on September 12, 2019. It was only after he had made this payment that Mr. Logan learned that the Sheriff's Sale had been conducted.

Assuming, without deciding, that these allegations were sufficient to allege fraud, mortgagee defendants correctly observe that Logan's fraud allegations concern possible loss mitigation opportunities and the practice of "dual tracking," rather than the actual statutory procedures required for foreclosure by advertisement.[4] See *Gjokaj v HSBC Mtg Servs, Inc*, 602 Fed Appx 275, 278 (CA 6, 2015) (holding that "a violation of the loan modification statute does not amount to fraud or irregularity in the foreclosure procedure itself"); *Kloss v RBS Citizens, NA*, 996 F Supp 2d 574, 585 (ED Mich, 2014) (reasoning that allegations of dual tracking do not equate with fraud in the foreclosure process).[5] Because Logan did not allege fraud in the *foreclosure*

---

[4] "Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification." *Kloss v RBS Citizens, NA*, 996 F Supp 2d 574, 585 (ED Mich, 2014). "The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." *Id*. (quotation marks and citation omitted).

[5] We are not bound by decisions of lower federal courts but may choose to rely on them, as we do here, for their persuasive value. *Abela v Gen Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004). Several panels of this Court have similarly relied on the analysis in *Gjokaj* and *Kloss*. See, e.g., *Caston v Quik Fund Inc*, unpublished per curiam opinion of the Court of Appeals, issued January 28, 2020 (Docket No. 345197), p 4; *Brooks-Johnson v US Bank Nat'l Assoc*, unpublished per curiam opinion of the Court of Appeals, issued October 8, 2019 (Docket No. 344861), p 4.

*procedure*, he lacked standing to challenge the foreclosure by advertisement after the redemption period expired. See *Diem*, 307 Mich App at 211; *Bryan*, 304 Mich App at 715. The trial court did not err by concluding that Logan lacked standing to challenge mortgagee defendants' foreclosure on the Property.[6]

The trial court did err, however, by applying its holding on standing to dismiss Logan's *entire* complaint. The trial court concluded that because the expiration of the redemption period extinguished Logan's rights in the Property, he lacked standing to assert all the claims in his amended complaint. Under *Bryan*, a mortgagor lacks standing to assert a claim to avoid the foreclosure after expiration of the redemption period because the mortgagor no longer has any enforceable rights in the property. See *Bryan*, 304 Mich App at 713-715. Thus, in *Bryan*, the plaintiff lost standing to pursue her claims seeking to void the sheriff's sale. *Id*. at 711, 715. Here, all but one of Logan's claims were asserted to set aside the foreclosure and regain title to the Property. These claims were properly dismissed for a lack of standing.

But Count V exclusively sought money damages under the Real Estate Settlement Procedures Act (RESPA), 12 USC 2601 *et seq*. This claim should not have been dismissed for lack of standing because it did not seek to set aside the foreclosure or grant Logan legal title to the Property. Rather, Count V sought actual damages under 12 USC 2605(f) for Nationstar's failure to adequately respond to Logan's qualified written request as required by 12 USC 2605(e) of RESPA. Because RESPA expressly authorizes damages for a borrower in this scenario, Logan retained a legal cause of action, and thus had standing, to raise Count V of his amended complaint. See *Lansing Sch Ed Ass'n*, 487 Mich at 372.

Besides its ruling on standing, the trial court held that Count V failed as a matter of law because Logan did not plead facts showing actual damages. Logan challenges this ruling on appeal, claiming that he established actual damages. The entirety of Logan's argument about Count V reads:

> The Lower Court held that [Logan] has not established damages. However, [Logan's] damages are clear and unequivocal. [Logan] has lost his home.

We decline to address the merits of this issue in light of Logan's cursory, three-sentence argument, unsupported by citation to the record or controlling authority. "An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position." *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) (quotation marks and citation omitted). Consequently, this Court may consider an insufficiently briefed issue

---

[6] Alternatively, as it relates to Logan's attempt to set aside the foreclosure, his appeal is likely moot. This Court cannot provide relief because Logan's rights in the Property were extinguished when he failed to redeem the Property. See *Can IV Packard Square*, 328 Mich App at 666 ("[Defendant's] failure to redeem the property within the redemption period resulted in the extinguishment of all [defendant's] rights in and to the property. There remains no relief that this Court can grant it on appeal, so this appeal is moot.").

abandoned on appeal. *Id*. Because Logan failed to adequately brief his claim of error about the dismissal of Count V, we consider the issue abandoned and decline to address it further. See *id*.

Although Grann did not join in mortgagee defendants' motion for summary disposition, counsel for Grann argued below that any claims against his client were derivative of the claims against mortgagee defendants. The trial court's order did not specifically address claims against Grann, but it granted mortgagee defendants' motion for summary disposition and dismissed Logan's amended complaint in its entirety with prejudice. Logan's amended complaint rarely distinguished between the three defendants, and it is unclear from the substance of Logan's claims which, if any, applied against Grann. The failure to distinguish between defendants has largely continued on appeal. Notably, Logan does not argue on appeal that dismissal of any claims against Grann was improper because Grann did not join in mortgagee defendants' motion. As the appellant, it is Logan's burden to demonstrate that the trial court erred, and he has identified no error that entitles him to relief. See *Redmond v Heller*, 332 Mich App 415, 435 n 9; 957 NW2d 357 (2020). Finally, having concluded that the trial court correctly dismissed all but Count V of the amended complaint for lack of standing, and that Logan abandoned review of the dismissal of Count V on appeal, it is unnecessary to address Logan's additional claims of error.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett